CHARLES C. CLARK *vs.* CHARLES MONTAGUE.

A defendant, who has answered to the merits, cannot afterwards object that since the last continuance it has come to his knowledge that no declaration was inserted in the writ, or filed in the clerk's office on or before the day to which the writ was returnable, as required by *St.* 1852, *c.* 312, §§ 8, 9; but must be deemed to have waived his right to treat the action as thereby discontinued.

MERRICK, J. This action was entered at October term of the court of common pleas in the year 1852. At the next term the defendant filed an answer, and at the fourth term, which was in October 1853, an amended answer to the declaration. At the ensuing term in February 1854, he represented to the court, that since the last continuance it had come to his knowledge that the writ contained no declaration, and that none was filed in the clerk's office on or before the day when it was returnable. And he thereupon moved for leave to file a supplemental answer setting forth that omission and deficiency and

that the action, for the cause so specified, might be deemed to be discontinued.

It is insisted, on behalf of the defendant, that under and by force of the provisions of the statute regulating the proceedings and practice in civil actions, he was of right entitled to have his motion allowed. It is there enacted, that if no declaration shall be inserted in the writ, and none shall have been filed in the clerk's office on or before the day when the writ is returnable, such omission shall be a discontinuance of the action, and the defendant shall have judgment for his costs. *St.* 1852, *c.* 312, §§ 8, 9. [But see *St.* 1854, *c.* 440.]

The claim of the defendant depends upon the assumption that it follows, as a necessary legal consequence from the omission to furnish a declaration in conformity to the directions of the statute, that the court to which the writ is returnable has no jurisdiction of the cause. This is not correct. On the contrary, to carry into effect its various provisions, and to secure to the parties their respective rights, it is indispensable that the court should possess and exercise jurisdiction both over them and over the action. This is shown by what the court is authorized and directed to do. If the plaintiff fails or neglects to comply with the requirements of the law in relation to furnishing a declaration, judgment is to be rendered for the defendant for his costs. This is an imperative duty whenever there is an actual discontinuance of the action. And the right to render a judgment is generally, though not invariably, nor without some cases of exception, evidence of the general jurisdiction as well as of the lawful authority of the court to act in that particular. But upon a consideration of the provisions of the statute relative to the institution of suits, the manner in which they shall be commenced, what shall ensue in relation to them, and how they shall be disposed of, it is obvious that in every case, when it is contended by a defendant that there has been a discontinuance of the action by force of an omission which the law declares shall have that effect, the court to which the writ is returnable has jurisdiction of the cause and of the parties, and must necessarily exercise it. For in such case it must always, in the

first place, be a question of fact, to be duly determined, whether there has been, on the part of the plaintiff, any failure or omission or neglect in respect to the declaration. It is not to be taken and acted. upon by the court as true, upon the mere complaint or representation of the defendant. If the alleged fact be not conceded, the question concerning it is in some proper course of proceeding to be tried. There must be a hearing of the parties; they are entitled in some appropriate manner to a trial; and the court must in the end adjudicate upon the subject. The service which it must thus perform, and the duty which it must discharge, require a corresponding authority, and sufficiently evince its existence. Besides; a discontinuance of an action cannot take place until after its entry. It is in substance and effect only a nonsuit. Whenever a party institutes a suit, he judges for himself whether he will pursue it. He cannot be compelled to enter it in court. If he does, he may, until the action has reached certain ultimate stages, become nonsuit, if he chooses to do so. But if he does not enter the action, the law prescribes the consequences which shall ensue. Upon the proper complaint of the defendant he may obtain judgment for his costs. Rev. Sts. *c.* 85, § 10. *St.* 1852, *c.* 312, § 9. *Gilbreth* v. *Brown*, 15 Mass. 178. But having then entered his action, the jurisdiction of the court attaches, and must afterwards remain until the cause is disposed of by the rendition of a final judgment.

The provision in the statute of 1852, *c.* 312, concerning the seasonable filing of a declaration, was required by the course of proceeding prescribed by it. It was intended for the benefit of the defendant. Indeed, that, or something similar, was indispensable to his security, because it is elsewhere provided that unless he or some one in his behalf shall, within ten days after the entry of the action, make affidavit that he verily believes he has a substantial defence to the action upon its merits, and intends to bring it to trial, judgment shall be rendered against him as upon his default. § 10. But parties are not required to insist upon every privilege which is given, or every right which is secured to them. It is a general rule, that at their pleasure

all irregularities and defects may be waived. This has very often been held, in many cases, and under a great variety of circumstances. Imperfect service, informality in a writ, an erroneous teste, not conforming to the direction on that subject in the Constitution, the want of a seal, required by law, are instances of irregularities which may be waived. And when they have once been waived, they are never allowed afterwards to interfere with the action, or to affect it in any way. *Carlisle* v. *Weston*, 21 Pick. 535. *Smith* v. *Robinson*, 13 Met. 165. *Joyner* v. *School District in Egremont*, 3 Cush. 567. *Ripley* v. *Warren*, 2 Pick. 592. *Brewer* v. *Sibley*, 13 Met. 175. Nor is it necessary that a waiver should be shown by any direct declaration or entry upon the record; but it may be inferred or deduced from the course of proceeding or conduct of a party in relation to the progress of the action. Thus a right to dismiss or quash a writ for something apparent upon its face, or because it has not been indorsed according to law, has been held to be waived by such delay as courts of law have regarded as unreasonable. The like effect has been given to pleading to the merits where a plea in abatement might otherwise have been insisted on. *Carpenter* v. *Aldrich*, 3 Met. 58. *Simonds* v. *Parker*, 1 Met. 508.

It is stated in general terms in the case last cited, that the doctrine of waiver is founded upon a useful and reasonable principle, and is of extensive application. We can see no reason why it should not be applied to the present case. By the use of the most moderate degree of diligence, the defendant could not have failed to discover the fact, if true, that the declaration was not seasonably filed. He had only to look at the writ and the papers in the case to be fully informed upon the subject. At what time the declaration, which now makes part of the record, was filed, is not stated in the bill of exceptions, nor is it important to know. As the defendant took no notice within a reasonable time after he knew, or might easily have known, if it had existed, of a defect fatal to the further prosecution of the suit; but chose rather to meet the declaration by an answer averring a substantial defence upon its merits,

38 *

and allowed costs to accumulate by its prosecution for several successive terms; his objection then, after a delay of more than a year, came too late.   It was fairly to be presumed from his course of proceeding, by which the rights of the adverse party were not inconsiderably affected, that he waived the objection.   And he ought not afterwards to have been permitted to revive it.   The ruling therefore of the presiding judge denying his motion was correct.   It did justice to the parties ; it tended to promote the general purposes which the practice act, as the statute referred to is now familiarly called, was designed to accomplish; and is well warranted by many previous decisions upon analogous questions.   It ought not therefore to be reversed.                    *Exceptions overruled.*

*H. S. Briggs*, (*H. W. Taft* was with him,) for the defendant, cited *Kidder* v. *Brown*, 9 Cush.

*I. Sumner*, for the plaintiff, besides the cases referred to in the opinion, cited *Foot* v. *Knowles*, 4 Met. 386; *Tebbetts* v. *Pickering*, 5 Cush. 83; *Babcock* v. *Janes*, Kirby, 361; 2 Bl. Com. 296; 1 Chit. Pl. (6th Am. ed.) 554; 3 Bac. Ab. Nonsuit, A. [See *Swift* v. *Nott*, 1 Sid. 173; *Phyler* v. *Boson*, 1 Show. 319; *Hyde* v. *Chapin*, 6 Cush. 67.]